# United States Court of Appeals
## for the Sixth Circuit

CITY OF DETROIT,

> *Plaintiff – Appellee / Cross-Appellant,*

v.

COMCAST OF DETROIT,
a Michigan general partnership

> *Defendant – Appellant / Cross-Appellee,*

and

ATTORNEY GENERAL FOR THE STATE OF MICHIGAN,

> *Defendant – Appellee / Cross-Appellant.*

---

**On Appeal from the United States District Court
for the Eastern District of Michigan
Case No. 10-12427**

---

**SUPPLEMENTAL BRIEF
BY APPELLEE / CROSS-APPELLANT CITY OF DETROIT**

---

David H. Fink (MI – P28235)
Darryl Bressack (MI – P67820)
**FINK + ASSOCIATES LAW**
100 W Long Lake Rd; Suite 111
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
Fax: (248) 971-2600
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com

Now comes Appellee/Cross Appellant, City of Detroit (the "City" or "Detroit"), by counsel, and respectfully submits this Supplemental Brief to clarify the City's arguments on Appeal.

During the pendency of this Appeal, Mike Duggan was elected Mayor of Detroit. Mayor Duggan appointed a new Corporation Counsel and a new Deputy Corporation Counsel to manage all legal matters on behalf of the City. During its review of active City litigation, the Corporation Counsel's office determined that the City of Detroit should clarify its position with respect to this Appeal. This Supplemental Brief is not intended to introduce any new law or facts; it is simply intended to avoid any confusion or uncertainty as to the City's position, which is set forth below.

First, the District Court's Opinion and Order should be affirmed in all respects. As stated in the Second Brief by Appellee / Cross-Appellant City of Detroit, "[t]he District Court reached the correct conclusion: the City properly exercised its franchising authority when it rejected Comcast's application for a franchise under the State Act. As a result, Comcast has been operating without a franchise since the Franchise expired in February 2007." (Second Brief, p. 4). To the extent that the City's appellate briefing was ambiguous regarding its position on affirmation, the City hereby expressly states that the District Court's holding should be affirmed in all respects. Detroit agrees with the District Court's

conclusion that the State Act allowed Detroit to reject, and Detroit did in fact reject, Comcast's proposed franchise agreement which was contrary to the State Act.

Second, the arguments presented in Detroit's Cross-Appeal only need to be addressed if this Court does not fully affirm the District Court's holding. In other words, if this Court affirms the District Court holding and the argument of the Michigan Attorney General that Detroit had the ability to, and did, reject Comcast's proposed franchise agreement, then there is no need to consider the City's arguments that: (1) the State Act is preempted by the Federal Act; (2) the State Act violates the Michigan Constitution; and, (3) the District Court may impose a holdover tenancy. Conversely, if this Court agrees with Comcast's position that the City was compelled to, and thus did, accept Comcast's proposed franchise agreement, then the City's aforementioned arguments should be addressed. It is only under this scenario, that the City asks the Court to consider the following alternative argument for affirmation presented by the City in the Second Brief on Appeal:

> The City, however, submits that this result should have been reached under a different analysis:
>
> > 1. The District Court should have held that the State Act is preempted because it is "inconsistent with" the Cable Act, namely because it conflicts with the federal rights and obligations vested in the City, which is the "franchising authority" under the Cable Act; or

3

2. The District Court should have invalidated the State Act under the Michigan Constitution because it divests the City of its Constitutional right under the Franchise Clause to deny a cable franchise proposal.

As to the issue of the proper remedy for the City, the District Court erred by misunderstanding its authority under the Cable Act to create an equitable holdover tenancy under the terms and conditions of the expired Franchise. The Court should reverse the District Court's holding that a holdover tenancy remedy is unavailable.

Second Brief by Appellee / Cross-Appellant City of Detroit, p. 21.

Respectfully submitted,

**FINK + ASSOCIATES LAW**

Date: June 11, 2014     By:   /s/ David H. Fink
                         David H. Fink (MI – P28235)
                         Darryl Bressack (MI – P67820)
                         100 W Long Lake Rd; Suite 111
                         Bloomfield Hills, MI 48304
                         Telephone: (248) 971-2500
                         Fax: (248) 971-2600
                         dfink@finkandassociateslaw.com
                         dbressack@finkandassociateslaw.com

**CERTIFICATE OF SERVICE**

I, David H. Fink, do hereby certify that on this 11th day of June, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all Attorneys of Record.

Dated: June 11, 2014           /s/ David H. Fink